UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PHALLON TILLIS** | **CASE NO. 3:24-CV-00544** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JONATHAN ROGERS ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 77] filed by Defendant AmGUARD Insurance Company ("AmGUARD"). Plaintiffs Phallon Tillis and Jhillian Tillis ("Plaintiffs") have not filed an opposition.

For the reasons set forth herein, AmGUARD's Motion for Summary Judgment is **GRANTED**.

## I. FACTS AND PROCEDURAL HISTORY

This lawsuit arises from a motor vehicle accident that resulted in the death of Linda Tillis, the mother of the Plaintiffs.[1] Plaintiffs sued for wrongful death and survival as a result.[2] It is alleged that Jonathan E. Rogers ("Rogers") rear-ended the vehicle operated by Linda Tillis, causing her death.[3] Plaintiff's further allege that Roger's was acting within the course and scope of his employment with Miriam Furniture.[4]

---

[1] [Doc. No. 1-2].
[2] [Id. at ¶ 8].
[3] [Doc. No. 77-1, p. 2].
[4] [Id.].

AmGUARD is named as a defendant in its capacity as the liability insurer for Miriam's Furniture under Business Auto Policy MIBP31342 ("the Policy").[5] AmGUARD filed this Motion for Summary Judgment arguing that the Policy, contains an unambiguous exclusion precluding coverage for bodily injury arising out of the use of an "auto."[6]

## II. Law and Analysis

### A. Standard of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

---

[5] [Id. at p. 3].
[6] [Id. at p. 9].

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (citation modified).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation modified). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Under Louisiana law, which applies in this diversity case, interpreting insurance contracts is a legal question. *Maldonado v. Kiewit Louisiana Co.*, 146 So. 3d 210, 218 (La. Ct. App. 2014). When construing insurance policies, Louisiana courts apply the general rules of contract interpretation, prescribed in the Louisiana Civil Code. *Bayou Steel Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 642

F.3d 506, 510 (5th Cir. 2011) (citations omitted). The interpreting court construes the words and phrases of the agreement according to their plain, ordinary, and generally prevailing meanings, unless they have acquired some technical meaning. *Id.* (citing La. Civ. Code Ann. art. 2047). Only if the words of a contract are not clear and explicit or lead to absurd consequences, may the interpreting court seek to determine the common intent of contracting parties. *Id.* (citing La. Civ. Code Ann. arts. 2045–46). And exclusionary provisions in policies are "strictly construed against the insurer." *Id.* (quoting *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 173 (La. 2000)).

### B. Policy Coverage

AmGUARD, in this Motion, argues that Plaintiff's claims for bodily injury is not covered but the Policy under the "Aircraft, Auto or Watercraft Exclusion.[7] The relevant exclusion states:

1. Applicable to Business Liability Coverage

This insurance does not apply to:

    g. Aircraft, Auto or Watercraft

> "Bodily Injury" or property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."[8]

The Policy defines "Auto" as:

    a. A land motor vehicle, trailer or semitrailer designed for travel on public roads including any attached machinery or equipment; or

---

[7] [Id.].
[8] [Id. at p. 8].

      b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged.[9]

It is undisputed that the 2015 GMC pickup truck operated by Rogers qualifies as an "auto" under the Policy's clear definition.[10] Furthermore, Plaintiffs' claims for wrongful death and survival damages are based entirely on the purported negligent operation (i.e., "use") of this auto. Because the Plaintiffs' alleged bodily injury—death of Linda Tillis—arose out of the use of an auto by an alleged insured (Miriam's Furniture through its employee), the Aircraft, Auto or Watercraft Exclusion is clearly and unambiguously triggered. This exclusion was created to preclude coverage for the Plaintiffs' claims under the Business Liability Coverage of the AmGUARD Policy.

Given that Plaintiffs have not opposed the Motion for Summary Judgment, and the evidence submitted by AmGUARD established that there is no genuine issue of material fact regarding the application of the policy exclusion, AmGUARD has met its burden of demonstrating that it is entitled to judgment as a matter of law.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that AmGUARD's Motion for Summary Judgment [Doc. No. 77] is **GRANTED** and Plaintiffs' claims against AmGUARD are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 3rd day of November 2025.

---

[9] [Id. at p. 9].
[10] [Id.].

                                                                                                  _____
                                                                                                    Terry A. Doughty
                                                                                United States District Judge